O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| REBECCA CASTILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOMMY BAHAMA R&R HOLDINGS, INC. et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02696-ODW (RAOx)<br><br>**ORDER GRANTING MOTION TO REMAND [9]** |

## I.  INTRODUCTION

Plaintiff Rebecca Castillo initiated this action in the Superior Court of California against Defendant Tommy Bahama R&R Holdings, Inc. ("Tommy Bahama") regarding visual disability access barriers on Tommy Bahama's retail website.  (Notice Removal ("NOR") Ex. A ("Compl."), ECF Nos. 1, 1-1.)  Tommy Bahama removed the case based on alleged federal question and diversity jurisdiction.  (NOR.)  Castillo now moves to remand.  (Mot. Remand ("Mot." or "Motion"), ECF No. 9.)  For the reasons discussed below, the Court **GRANTS** Castillo's Motion to Remand and **REMANDS** this action to Los Angeles County Superior Court.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

Castillo is a legally blind person who uses screen reading software ("SRS") to access the internet. (First Am. Compl. ("FAC") ¶ 1, ECF No. 8.) While attempting to use Tommy Bahama's website to avail herself of its goods and services, Castillo encountered multiple digital access barriers that prevented her from using the website with SRS. (*Id.* ¶¶ 9, 11.) Castillo filed this action in Los Angeles County Superior Court against Tommy Bahama, seeking damages and injunctive relief under two causes of action: (1) violations of the Americans with Disabilities Act ("ADA"), and (2) violations of the Unruh Civil Rights Act ("Unruh"). (Compl. ¶¶ 63–76.)

Tommy Bahama removed the action based on alleged federal question and diversity jurisdiction. (NOR ¶¶ 3–20.) Castillo amended her claims with the operative First Amended Complaint, withdrawing her ADA claim and pleading only the state law Unruh cause of action for damages and injunctive relief. (*See generally* FAC.) She now moves to remand this action on the grounds that (1) her claim no longer involves a federal question, and (2) the amount in controversy does not exceed the $75,000 jurisdictional minimum so the Court does not have diversity jurisdiction. (Mot. 1.)[2]

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

---

[2] In opposing the Motion, Tommy Bahama asks the Court to take judicial notice of certain documents. (*See* Req. Judicial Notice ISO Opp'n, ECF No. 11-1.) As the Court reaches its conclusions without relying on those documents, it denies those requests. *See Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001, 1003 n.1 (C.D. Cal. 2000) (declining to take judicial notice of exhibits that "do not affect the outcome of" the motion).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. An action presents federal question jurisdiction when "federal law creates the cause of action or [] the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). A federal court may exercise diversity jurisdiction when the adverse parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing jurisdiction. *Id.*

## IV.   DISCUSSION

Tommy Bahama removed this case based on alleged federal question and diversity jurisdiction. (*See generally* NOR.) Castillo moves to remand, arguing that neither supports subject matter jurisdiction here. (*See generally* Mot.) First, Castillo argues there is no federal question jurisdiction because she amended her complaint and no longer pleads an ADA claim. (Mot. 1–3.) Second, she contends there is no diversity jurisdiction because Tommy Bahama has not shown the amount in controversy exceeds $75,000. (Mot. 3–9.) Castillo separately requests $1,500 in attorneys' fees associated with removal on the grounds that Tommy Bahama's removal was objectively unreasonable. (Mot. 10.)

**A.   Federal Question Jurisdiction**

Tommy Bahama contends that the Court has federal jurisdiction despite the lack of an express federal cause of action because Castillo's state law claim incorporates

violations of the ADA, a federal statute. (Opp'n 9–14, ECF No. 11.) Castillo argues that federal law is not a necessary element of her Unruh claim because she pleads an alternative state law theory of liability, thereby avoiding federal jurisdiction. (Mot. 1–3; Reply 1–2, ECF No. 13.)

"[T]he plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). Generally, a state law claim gives rise to a federal question only when the state law claim "necessarily turn[s] on the construction of a substantial, disputed federal question." *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 343 (9th Cir. 1996).

Although a violation of the ADA is a per se violation of the Unruh Act, Cal. Civ. Code § 51(f), the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). In *Wander v. Kaus*, the Ninth Circuit held that no federal question jurisdiction exists over an Unruh claim for *damages* when premised only on the ADA, because damages are not an available remedy under the ADA. 304 F.3d 856, 859 (9th Cir. 2002). However, the Ninth Circuit has not addressed whether federal question jurisdiction exists where a plaintiff seeks *injunctive relief* for a state law claim based on ADA violations. *See Thurston v. Container Store, Inc.*, No. 5:16-cv-02658-SVW (DTBx), 2017 WL 658806, at *2 (C.D. Cal. Feb. 16, 2017) (observing that it is an open question in the Ninth Circuit whether a federal court has jurisdiction over an Unruh claim for injunctive and monetary relief). In the absence of binding authority on this issue, courts within this District have found that a state law claim for injunctive relief, when premised only on an ADA violation, may confer federal question jurisdiction. *See, e.g., id.* at *2–3; *Martinez v. Adidas Am., Inc.*, No. 5:19-cv-00841-JGB (KKx), 2019 WL 3002864, at *4–5 (C.D. Cal. July 9, 2019); *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002) ("[I]t is possible for a state

law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances."). Conversely, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346.

"[T]o establish a violation of the Unruh Act independent of a claim under the [ADA, a plaintiff] must 'plead and prove intentional discrimination in public accommodations in violation of the terms of the Act.'" *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (quoting *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668 (2009)). For example, in *Martinez v. Adidas America*, the court found that the plaintiff plausibly pleaded intentional discrimination by showing that the defendant (1) constructed an inaccessible website; (2) knowingly maintained that inaccessible website; and (3) failed to correct the access barriers despite receiving notice. 2019 WL 3002864, at *4; *see also Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1206 (N.D. Cal. 2007) (holding that allegations of "Target's knowing failure and refusal to adopt certain accessibility features in Target.com" demonstrated the requisite intent).

Here, Tommy Bahama argues that Castillo's claim does not plausibly plead intentional discrimination and is therefore premised only on violations of federal law (thereby creating federal question jurisdiction). (Opp'n 15–16.) However, upon review of the First Amended Complaint, Castillo plausibly pleads intentional discrimination. As in *Martinez v. Adidas America* and *National Federation of the Blind*, Castillo alleges that "Defendant has constructed a website that is inaccessible to Plaintiff; Defendant maintains the Website in this inaccessible format; and Defendant has failed to take action to correct and remove these barriers." (FAC ¶ 65.) Given that Castillo has adequately alleged an alternative state law theory of liability for her Unruh claim, the federal law theory is not a "necessary element" of her claim and

federal question jurisdiction does not attach. *See Martinez v. Adidas Am., Inc.*, 2019 WL 3002864, at *4, 6 (remanding for lack of federal question jurisdiction because federal law was not a necessary element of the plaintiff's Unruh claim).

**B.     Diversity Jurisdiction**

Tommy Bahama also contends the Court has diversity jurisdiction. (NOR ¶¶ 9, 20; Opp'n 3–9.) To establish diversity jurisdiction, the Court must find that complete diversity of citizenship exists between the adverse parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The parties agree that complete diversity of citizenship exists between them, as Castillo is a citizen of California and Tommy Bahama is a citizen of Delaware, with its principal place of business in Georgia. (FAC ¶¶ 9, 11; NOR ¶¶ 5–7.) They disagree about whether the amount in controversy (including statutory damages, injunctive relief, and attorneys' fees) exceeds $75,000. The amount in controversy is determined by the complaint operative at the time of removal, so Castillo's original Complaint controls the court's evaluation of diversity jurisdiction. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). In addition to the Complaint, courts "consider allegations in the removal petition, as well as summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transport. Co.*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks omitted).

In the Complaint, Castillo expressly limits her Unruh damages claim to "not less than $4,000" for each of two statutory violations, totaling no more than "$24,999," and "not less than $4,000" in deterrence damages; injunctive relief costing "no more than $50,000"; and reasonable attorneys' fees and costs.[3] (Compl. ¶¶ 55, 74–75, Prayer ¶¶ 2–6.) Tommy Bahama contends that, considering all the damages

---

[3] Castillo specifies inconsistent amounts of requested damages among her various filings. For instance, in contrast to the sums in the Complaint, in her reply brief Castillo requests $4,000 in statutory damages and $4,000 in deterrence damages for each of the two alleged violations, for a total of $16,000. (Reply 7.) As the Complaint governs the amount in controversy at the time of removal, that is the filing the Court considers.

Castillo puts into controversy, the total amount exceeds the $75,000 jurisdictional requirement. (Opp'n 3–9; NOR ¶¶ 10–20.)

### 1. *Statutory Damages*

"Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted). A plaintiff may sue for less than the jurisdictional amount to avoid federal court, even if she is entitled to more. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

Accordingly, the statutory damages Castillo claims in good faith in her state court complaint must be used to determine the amount in controversy, even if she may be entitled to a greater award. Though Castillo cites $24,999 as her maximum intended claim, she does not specify the precise total of statutory damages she seeks. (Compl. ¶ 75.) However, she identifies two specific visits to Tommy Bahama's website that she contends resulted in violations, at $4,000 per violation. (Compl. ¶ 55, Prayer ¶ 4.) The Court infers from the language of the Complaint that Castillo claims $8,000 total for those two alleged violations, plus an additional $4,000 in deterrence damages, for a total of $12,000 in statutory damages. (Compl. ¶ 55, Prayer ¶¶ 4–5.)

Therefore, the Court finds that Castillo places $12,000 in statutory damages in controversy.

### 2. *Injunctive Relief*

Castillo requests injunctive relief not exceeding $50,000, requiring Tommy Bahama to make updates to its website in compliance with federal accessibility guidelines. (Compl., Prayer ¶¶ 2–3.) Tommy Bahama argues vaguely—and without evidence—that the significant cost of compliance with an injunction, when added to the requested statutory damages and attorneys' fees, would exceed the jurisdictional requirement. (Opp'n 8–9.)

When a defendant removes an action based on diversity jurisdiction, it "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under the "either viewpoint" rule, the amount in controversy is determined by the pecuniary result to either party, including the value of nonmonetary relief like injunctions. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[W]here the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes."). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).

Courts require a defendant to offer substantive proof to undermine a plaintiff's express estimate of costs. For instance, in *Martinez v. Johnson & Johnson Consumer, Inc.*, the court found that the defendant failed to satisfy its burden to show that the cost of an injunction ordering changes to the website would exceed the $20,000 limit imposed by the plaintiff in her complaint. 471 F. Supp. 3d 1003, 1009 (C.D. Cal. 2020). Because the defendant could show only "generalized estimates" and did not "consult[] with a vendor as to the costs of updating the website," the court credited the plaintiff's estimate that the relief would cost no more than $20,000. *Id.* Similarly, in *Baracco v. Brooks Brothers Group, Inc.*, the court held that "without more substantive evidence of how much it would cost to implement" website changes for visually impaired users, the plaintiff's $15,000 limitation on costs was the appropriate estimate. No. 2:18-cv-9208-PSG (JPRx), 2019 WL 276840, at *3 (C.D. Cal. Jan. 22, 2019).

Here, Tommy Bahama fails to offer even "generalized estimates" regarding the cost to it from Castillo's proposed injunction. (*See generally* Opp'n.) As in *Martinez v. Johnson & Johnson* and *Baracco*, Tommy Bahama has not stated that it consulted

with a vendor regarding likely costs or specified what measures it would need to take to comply with the proposed injunction. (*See id.*) Aside from general and conclusory statements, it cites only one case, out of the Southern District of Florida, in which the defendant estimated that website updates would cost $250,000. (*Id.* at 9 (citing *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1345 (S.D. Fla. June 12, 2017)).) This out-of-circuit case is not persuasive or relevant to the present inquiry, particularly given that the defendant there presented evidence to support its estimates, including "high level input" based on past company experience with accessibility mandates. *Gil*, 257 F. Supp. 3d at 1345. Although it is true that Castillo does not control the total cost of the injunction, Tommy Bahama has nevertheless failed to show by a preponderance of the evidence that costs would bring the total amount in controversy over the $75,000 threshold. Therefore, the Court in this case credits Castillo's $50,000 limitation on injunction costs for the amount in controversy.

       3.      *Attorneys' Fees*

Finally, Castillo seeks reasonable attorneys' fees and costs. (Compl., Prayer ¶ 6.) Tommy Bahama argues the amount in controversy should include Castillo's fees and costs but does not specify an amount. (Opp'n 7.) To exceed the jurisdictional minimum, Tommy Bahama must show that Castillo will likely receive at least $13,000.01 in attorneys' fees in addition to the $12,000 in statutory damages and $50,000 in injunctive relief.

When calculating the amount in controversy, the total must include "all relief to which a plaintiff is entitled if the action succeeds." *Fritsch*, 899 F.3d at 794. Therefore, a defendant may attempt to prove by a preponderance of the evidence that attorneys' fees should be included in the amount in controversy. *Id.* A defendant may prove attorneys' fees by citing awards in other cases with sufficiently similar facts and claims. *See, e.g.*, *Baracco*, 2019 WL 276840, at *4; *Ramirez v. Volkswagen Grp. of Am., Inc.*, No. 2:22-cv-00734-MWF (MRWx), 2022 WL 2610247, at *5 (C.D. Cal. July 8, 2022) (rejecting the defendant's proof of similar attorneys' fee awards in other

cases because it "does not present argument on *why* this case would result in a specific attorney's fee award based on other cases with comparable facts").

In *Baracco*, the defendant cited attorneys' fees awarded in other Unruh cases to argue that the plaintiff's award in that case would exceed the jurisdictional minimum. 2019 WL 276840, at *4. The court found that the defendant did not meet its evidentiary burden because the circumstances of the cited cases were sufficiently dissimilar to render them irrelevant. *Id.*; *see also Walton v. AT&T Mobility*, No. 2:11-cv-01988-JHN (JCx), 2011 WL 2784290, at *2 (C.D. Cal. July 14, 2011) (declining to address the inclusion of future attorneys' fees in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.")

Here, Tommy Bahama suggests no specific amount of fees but cites three examples of attorneys' fees awarded in other Unruh Act cases to support that "a substantial recovery in attorneys' fees" should be included in the amount in controversy. (Opp'n 7; *see* NOR ¶ 19.) However, none of the cases cited are similar enough to be relevant. In *Engel v. Worthington*, the court awarded $80,000 in attorneys' fees for a claim that took ten years to resolve on appeal. 60 Cal. App. 4th 628, 635–36 (1997). In *Antoninetti v. Chipotle Mexican Grill, Inc.*, the court awarded $317, 927.50 in fees for a class action suit. 49 F. Supp. 3d 710, 726 (S.D. Cal. 2014). And in *Hubbard v. Twin Oaks Health and Rehabilitation Center*, the court awarded approximately $60,000 in fees for a case involving seven causes of action. 406 F. Supp. 2d 1096, 1100–01 (E.D. Cal. 2005).

As in *Baracco*, the differing circumstances in each of these cases do not provide a useful comparison to calculate attorneys' fees here, because Castillo's claim involves only one plaintiff and one cause of action that is unlikely to take ten years to resolve. Castillo provides her own estimate of the attorneys' fees associated with removal, $1,500, which the Court takes as the correct number in the absence of

substantive evidence from Tommy Bahama to the contrary. As Tommy Bahama offers none, it therefore fails to prove its estimate of "a substantial" amount of attorneys' fees associated with this action.

Given that $12,000 in statutory damages, $50,000 of injunctive relief, and $1,500 in reasonable attorneys' fees amounts to $63,500, and does not exceed the $75,000 jurisdictional minimum, Tommy Bahama fails to meet its burden to prove diversity jurisdiction exists here.

### C. Plaintiff's Request for Attorneys' Fees

Castillo argues that Tommy Bahama was unreasonable to remove the case to federal court and seeks $1,500 in attorneys' fees incurred as a result of the removal. (Mot. 9–10.)

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the ambiguity of federal jurisdiction over Unruh claims for injunctive relief, and the lack of binding authority on this issue in the Ninth Circuit, courts in this District generally decline to award attorneys' fees to plaintiffs on remand. *See Thurston*, 2017 WL 658806, at *3 (declining to award attorneys fees because presence of federal jurisdiction was "ambiguous"); *Licea v. Reebok Int'l Ltd.*, No. 5:19-cv-00970-TJH (Ex), 2019 WL 4014431, at *1 (C.D. Cal. Aug. 23, 2019) (same); *Fontano v. Little Caesar Enters., Inc.*, No. 2:10-cv-6707-GAF (FFMx), 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010)(same).

The Court does not find Tommy Bahama's removal to federal court objectively unreasonable because there is no settled precedent on this issue and district courts have not always ruled consistently on the issue. As such, the Court **DENIES** Castillo's request for attorneys' fees associated with removal. However, Tommy Bahama's argument is becoming less objectively reasonable the more its counsel continues to make the same rejected arguments. *See Rutherford v. La Jolla Riviera*

*Apartment House LLC*, No. 19-cv-1349-JM (MDD), 2019 WL 6125255, at *6 (S.D. Cal. Nov. 19, 2019) ("Continually making the same losing arguments in support of removal . . . can be grounds for awarding attorney's fees."); *Rosales v. Re/Max LLC*, No. 2:20-cv-10850-FMO (AGRx), 2020 WL 7480121, at *2 (C.D. Cal. Dec. 18, 2020) (rejecting argument that an Unruh claim necessarily implicates the ADA and creates federal question jurisdiction); *Martinez v. Greatcollections.com, LLC*, No. 8:19-cv-01647-JLS (KESx), 2019 WL 4742299, at *1–2 (C.D. Cal. Sept. 27, 2019) (same); *Rios v. New York and Co.*, No. 2:17-cv-04676-ODW (AGRx), 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017) (same); *Licea*, 2019 WL 4014431, at *1 (same); *Thurston*, 2017 WL 658806, at *3 (same).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Castillo's Motion to Remand and **DENIES** Castillo's request for attorneys' fees. (ECF No. 9.) The Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, West Covina Courthouse, 1427 West Covina Parkway, West Covina, California, 91790, Case No. 25PSCV00624.

**IT IS SO ORDERED.**

July 9, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**